T.C. Summary Opinion 2003-15


UNITED STATES TAX COURT


TONIA V. CATES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2312-01S.          Filed February 28, 2003.


Timothy J. Condon, Sr., for petitioner.

Sean R. Gannon, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $8,634 in petitioner's 1998 Federal income tax.  The issue is whether petitioner may

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

exclude from gross income under section 104(a)(2) payments received by her from her former employer pursuant to a settlement agreement. Petitioner resided in Machesney Park, Illinois, at the time the petition was filed.

## Background

Rockford Memorial Health Services Corp. (Rockford) hired petitioner in December of 1992 and promoted her to head secretary in the Human Resources Department after 1 year. In March of 1995, however, petitioner received an unfavorable performance evaluation and was placed on a 90-day performance improvement plan. Petitioner believed that she was exposed to racially offensive jokes and racial slurs at work and that Rockford refused to act on her complaints of discrimination and attempted to discourage any complaints of discrimination. Petitioner asked to be transferred to an assignment under a different supervisor. That request was refused. Instead, Rockford terminated petitioner's employment on April 25, 1995, after 53 days of her 90-day probationary period. During the time of the alleged harassment petitioner suffered from headaches, stomach problems, insomnia, and hypertension.

On April 9, 1997, petitioner filed a complaint in the United States District Court for the Northern District of Illinois, Western Division, as a member of a class action suit filed against Rockford. In the complaint, petitioner alleged that

Rockford violated Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991. Petitioner sought relief in the amount of back pay and prejudgment interest, and "compensation for past and future non-pecuniary losses resulting from the unlawful employment practices * * * including humiliation".

On January 22, 1998, petitioner and Rockford entered into a settlement agreement. The agreement stated in pertinent part:

> [Rockford] shall pay to * * * [petitioner] the gross sum of Forty-Five Thousand Dollars ($45,000) in the form of two checks made payable to * * * [petitioner]. One check, in settlement of * * * [petitioner's] claim for back pay damages, shall be in the gross amount of Ten Thousand Dollars ($10,000), less all applicable withholdings, including FICA. The second check, in settlement of * * * [petitioner's] claim for compensatory damages for emotional injuries, shall be in the gross amount of Thirty-Five Thousand Dollars ($35,000). [Emphasis added.]

In preparing her 1998 Federal income tax return, petitioner excluded the $35,000 damage award on the grounds that it was received in compensation of her "emotional distress due to physical sickness" and was excludable under section 104(a)(2). The taxability of the $10,000 petitioner received as back pay is not in dispute.

## Discussion

Section 61 provides that "gross income means all income from whatever source derived". Gross income is an inclusive term with broad scope, designed by Congress to "exert * * * 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass

Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Statutory exceptions from income are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness". Section 1.104-1(c), Income Tax Regs., defines "damages received" as "an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Amounts are excludable from gross income only when (1) the underlying cause of action giving rise to the recovery is based on tort or tort type rights, and (2) the damages were received on account of personal injuries or sickness. Commissioner v. Schleier, supra at 337.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). United States v. Burke, 504 U.S. 229, 237 (1992). Determination of the nature of the claim is a factual

inquiry,[2] and is generally made by reference to the settlement agreement. <u>Robinson v. Commissioner</u>, 102 T.C. 116, 126 (1994), affd. in part and revd. in part 70 F.3d 34 (5th Cir. 1995). An important factor in determining the validity of the agreement is the "intent of the payor" in making the payment. <u>Knuckles v. Commissioner</u>, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33.

In examining the nature of the claim, we find that petitioner filed a complaint under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991. In <u>United States v. Burke</u>, <u>supra</u> at 237, the Supreme Court held that recoveries received for the settlement of claims based on Title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 253, are not excludable from gross income under section 104(a)(2). The Supreme Court concluded that because the remedies under the Act did not create remedies for personal injuries, the causes of action involving the Act were not based on tort or tort type rights. <u>Id.</u> at 241. In 1991, Congress amended the Civil Rights Act of 1964, effective November 21, 1991, to permit recovery of compensatory and punitive damages for certain violations. Civil Rights Act of 1991, Pub. L. 102-166, sec. 102, 105 Stat. 1072.

---

[2] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issue.

The settlement agreement does not reference whether the damage award was based on the Civil Rights Act of 1964 or 1991. However, Rockford clearly intended to pay petitioner a settlement in compensation of her emotional distress. The settlement agreement clearly stated that the $35,000 was to compensate her for "emotional injuries".

Section 104(a) provides that "emotional distress shall not be treated as a physical injury or sickness." The Committee Report provides "that the term emotional distress includes physical symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress." H. Rept. 104-586 (1996), 1996-3 C.B. 331, 482 n.24. Thus, petitioner's headaches, insomnia, and stomach problems were intended by Congress to be treated as emotional distress, and therefore the compensation for those symptoms is not excluded from gross income under section 104(a)(2).

Moreover, assuming that hypertension is a physical injury (a point that we specifically do not decide) we cannot find that Rockford intended to compensate petitioner for her hypertension. Petitioner's medical records submitted to this Court establish that petitioner was first diagnosed with borderline hypertension in May of 1993. Petitioner was later hospitalized in June of 1993 for hypertension, weakness, and hyponatremia. Petitioner alleged that she suffered racial discrimination in 1995, perhaps

as early as 1994.  It is, therefore, highly unlikely that Rockford could have intended to compensate petitioner for her hypertension because those symptoms appeared before petitioner suffered any alleged racial discrimination at work.

We hold that the $35,000 award for "emotional injuries" is not excludable from gross income under section 104(a)(2).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>